No. 22-3061

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

TAWAINNA ANDERSON, INDIVIDUALLY AND AS ADMINISTRA-
TRIX OF THE ESTATE OF N.A., A DECEASED MINOR,

*Plaintiff-Appellant,*

v.

TIKTOK, INC.; BYTEDANCE, INC.,

*Defendants-Appellees.*

On Appeal from the United States District Court for the Eastern Dis-
trict of Pennsylvania No. 2:22-cv-1849 (Diamond, J.)

## APPELLEES' MOTION TO STAY BRIEFING

Geoffrey M. Drake
TaCara D. Harris
KING & SPALDING LLP
1180 Peachtree Street NE,
  Suite 1600
Atlanta, GA 30309
(404) 572-4726

Albert Giang
KING & SPALDING LLP
633 West 5th Street, Suite 1600
Los Angeles, CA 90071
(213) 443-4335

David Mattern
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 626-2946

Andrew J. Pincus
Nicole A. Saharsky
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000
nsaharsky@mayerbrown.com

Mark J. Winebrenner
FAEGRE DRINKER BIDDLE & REATH LLP
90 South Seventh Street
2200 Wells Fargo Center
Minneapolis, MN 55402
(612) 766-1600

*Counsel for Defendants-Appellees TikTok, Inc. and ByteDance, Inc.*

## MOTION TO STAY BRIEFING

Pursuant to Federal Rule of Appellate Procedure 27, Appellees Tik-Tok Inc. and ByteDance Inc. respectfully request that this Court stay the briefing schedule for this appeal pending the U.S. Supreme Court's decision in *Gonzalez v. Google LLC*, U.S. No. 21-1333 (to be argued Feb. 21, 2023).

In her recently-filed opening brief, Appellant Tawainna Anderson asserts that the Supreme Court's decision in *Gonzalez* may affect the outcome of this case, because that Court will be addressing the scope of Section 230 of the Communications Decency Act (CDA), 47 U.S.C. § 230, and the district court in this case relied on Section 230 to dismiss Appellant's claims. Accordingly, Appellees respectfully request that the Court stay the briefing schedule in this case until the Supreme Court decides *Gonzalez*, in order to streamline the briefing and to promote judicial economy.

1.    This is a personal-injury case arising from third-party content allegedly viewed on Appellees' communication platform TikTok. A1. Appellant alleges that her daughter died after watching and attempting a "Blackout Challenge" she saw in a video created by a third party and posted on TikTok. A2. Appellant brought design defect, failure to warn,

1

negligence, and state unfair business practices claims, on the theory that
TikTok is defective because its algorithm recommended the challenge
video to her daughter and failed to prevent circulation of the video to her
daughter.  A2, A5.

The district court dismissed the complaint because it concluded
that Appellant's claims are barred by Section 230 of the CDA.  A3-A8.
The district court explained that Section 230 provides a defense to liabil-
ity when three conditions are met:  (1) "the defendant is an interactive
computer service provider"; (2) "the plaintiff seeks to treat the defendant
as a publisher or speaker of information"; and (3) "the information is pro-
vided by another content provider."  A4 (citing 47 U.S.C. § 230(c)(1)).  Ap-
pellant did not dispute that the first and third conditions were met—*i.e.*,
that TikTok is an interactive computer service provider and that the chal-
lenge video was created by a third party.  *Id.*  Thus, the only question was
whether Appellant sought to hold Appellees liable as a "publisher" of the
video.  *Id.*  The district court answered that question "yes," because se-
lecting and recommending content is a publishing function protected by
Section 230.  A5-7.  The district court accordingly dismissed Appellant's
claims, A8, and she appealed, *see* Dkt. 1.

2

2.    On October 3, 2022, the Supreme Court granted the petition for a writ of certiorari in *Gonzalez*. *See* 143 S. Ct. 90 (2022). The question presented in that case is:

> Does section 230(c)(1) [of the CDA] immunize interactive computer services when they make targeted recommendations of information provided by another information content provider, or only limit the liability of interactive computer services when they engage in traditional editorial functions (such as deciding whether to display or withdraw) with regard to such information?

Pet. i, *Gonzalez*, *supra*. The Supreme Court has scheduled the oral argument in that case for February 21, 2023. It is expected that the Supreme Court will decide that case in its October 2022 Term, which is expected to conclude in June 2023.

3.    On January 9, 2023, Appellant filed her opening brief in this appeal. She notes that the scope of the Section 230 defense is at issue in *Gonzalez*, and she argues that the Supreme Court's decision in *Gonzalez* could bear on the resolution of this appeal. In particular, Appellant argues that "[s]hould the Supreme Court . . . hold that targeted recommendations are not immunized by Section 230(c)(1), the district court's grant of Defendants' motion to dismiss must be reversed." Opening Br. 33-34.

Appellant also filed an *amicus curiae* brief in support of the petitioners in *Gonzalez*, in which she likewise argued that the Supreme Court's decision could affect the outcome of this case. *See* Anderson *Amicus* Br. at 5, *Gonzalez, supra* (Dec. 7, 2022) (arguing that the Supreme Court's "ruling in [Gonzalez] will impact the future of all litigation in which Section 230 is invoked as a defense" and that, if the Supreme Court "side[s] with Respondent" in *Gonzalez*, it "may negatively impact" this case); *id.* at 11-12 (acknowledging that if the Supreme Court were to adopt the *Gonzalez* petitioner's position, "cases like [this one]" would remain "within the protections of the CDA").

4.    In light of Appellant's position that the Supreme Court's decision in *Gonzalez* could affect the outcome of this appeal, Appellees respectfully request that this Court stay the briefing in this case pending the Supreme Court's decision in *Gonzalez*.  That course of action would streamline the briefing, be more efficient for the parties, and conserve the Court's time and resources, because it would ensure that the parties' briefing is based on the applicable law.  Conversely, without a stay, supplemental briefing may be required to address any effect of *Gonzalez*. Thus, proceeding with the briefing in this appeal without waiting for the

decision in *Gonzalez* could waste the Court's and the parties' time and resources.

5.    Further, staying the briefing schedule would not materially delay resolution of this appeal.  Under the current briefing schedule, Appellees' response brief is due on February 8, 2023, and Appellant's reply brief is due on March 1, 2023.  Dkt. 18.  The Court then will need additional time after March 1 to hold oral argument and to issue its decision. The Supreme Court likely will issue its decision in *Gonzalez* by the end of June 2023, so it seems very unlikely that this Court could issue a decision in this case before that time.

6.    Under the circumstances, the Court should stay this appeal pending the Supreme Court's decision in *Gonzalez*.  A court may "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).  In particular, this Court and other courts of appeals routinely stay proceedings when the resolution of an issue on appeal may be affected by a pending decision of the Supreme Court.  *See, e.g.*, Order, *Ass'n of N.J. Rifle and Pistol Clubs Inc., et al. v. Attorney Gen. N.J., et al.*, No.

19-3142 (3d Cir. Apr. 22, 2020), Dkt. 95; *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977); *United Steel v. Kelsey-Hayes Co.*, 795 F.3d 525 (Mem) (6th Cir. 2015); *Norman v. Shinseki*, 408 F. App'x 354 (Fed. Cir. 2011).  A stay makes particular sense in this case, because any delay would be relatively short.

7.   Accordingly, Appellees respectfully request that the Court stay the briefing schedule in this appeal pending the Supreme Court's decision in *Gonzalez*.  Then, in light of the Supreme Court's disposition of that case, the Court could decide whether to permit Appellant to supplement her brief, or whether to proceed without that supplemental briefing.  Appellees would then file their response brief.

8.   On January 13, 2023, undersigned counsel contacted counsel for Appellant for their position on this motion.  As of the time of filing this motion, counsel for Appellant do not yet have a position on the motion.

## CONCLUSION

The Court should stay the briefing schedule in this appeal pending the Supreme Court's decision in *Gonzalez, et al. v. Google LLC*, U.S. No. 21-1133, and then determine what additional briefing is appropriate in light of that decision.

Respectfully submitted,

/s/ *Nicole A. Saharsky*

Geoffrey M. Drake
TaCara D. Harris
KING & SPALDING LLP
1180 Peachtree Street NE,
   Suite 1600
Atlanta, GA 30309
(404) 572-4726

Albert Giang
KING & SPALDING LLP
633 West 5th Street, Suite 1600
Los Angeles, CA 90071
(213) 443-4335

David Mattern
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 626-2946

Andrew J. Pincus
Nicole A. Saharsky
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000
nsaharsky@mayerbrown.com

Mark J. Winebrenner
FAEGRE DRINKER BIDDLE & REATH
LLP
90 South Seventh Street
2200 Wells Fargo Center
Minneapolis, MN 55402
(612) 766-1600

Dated: January 17, 2023

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,227 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface and type-style requirements of Fed. R. App. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Office Word 2016 and set in 14-point Century Schoolbook font.

/s/ *Nicole A. Saharsky*
Nicole A. Saharsky

# CERTIFICATE OF SERVICE

I hereby certify that, on January 17, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

/s/ *Nicole A. Saharsky*
Nicole A. Saharsky