# Case No. 22-3061

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

## TAWAINNA ANDERSON
Plaintiff-Appellant

v.

## TIKTOK INC., *et al*.
Defendants-Appellees

On Appeal from the United States District Court
for the Eastern District of Pennsylvania, Case No. 2:22-cv-01849-PD

## PLAINTIFF-APPELLANT'S RESPONSE IN OPPOSITION TO APPEELLEES' MOTION TO STAY BRIEFING

Robert J. Mongeluzzi
Jeffrey P. Goodman
**SALTZ MONGELUZZI &**
**BENDESKY P.C.**
One Liberty Place
1650 Market Street,
52nd Floor
Philadelphia, Pennsylvania 19103
(215) 496-8282

January 24, 2023

*Counsel for Plaintiff-Appellant*

**RESPONSE TO MOTION TO STAY BRIEFING**

Plaintiff-Appellant ("Plaintiff") is Tawainna Anderson, the mother of Nylah Anderson and the Administratrix of Nylah Anderson's estate. Ten-year-old Nylah Anderson died on December 12, 2021 as a result of performing a viral TikTok challenge known as the "Blackout Challenge" which TikTok sent directly to Nylah by placing the challenge on her For You Page of recommended content. *See* Dkt. 19 at 2-3. The District Court dismissed this matter based on an overbroad and erroneous reading of Section 230 of the Communications Decency Act ("CDA"). *See id.* at 22-25. Plaintiff timely filed this appeal and filed her opening on January 9, 2023 pursuant to this Court's Briefing and Scheduling Order. Dkt. 18-1; 19. Appellees, TikTok, Inc. and ByteDance, Inc. ("TikTok") brief is due no later than February 8, 2023 and Plaintiff's reply brief is due twenty-one (21) days thereafter. *Id.* At that point, the matter will be fully briefed. TikTok has now asked this Court to suspend the briefing schedule in this matter indefinitely so as to wait for a ruling from the United States Supreme Court in the matter of *Gonzalez v. Google LLC*, U.S. No. 21-1333.

Plaintiff agrees with TikTok that it would be prudent for the Court to await the Supreme Court's decision in *Gonzalez* before issuing its ruling in this case. However, the complete suspension of briefing requested by TikTok is inefficient. Additionally, TikTok's request seems to be motivated by gaining a perceived tactical

advantage. Instead of approaching Plaintiff concerning a stay prior to any briefs being filed, TikTok waited until after Plaintiff filed her opening brief before raising the issue. In so doing, TikTok has attempted ensure that it is able to file the first brief discussing *Gonzalez* and framing its application to this case instead of Plaintiff. Requests for stays are not supposed to be rooted in gamesmanship.

The more efficient and fair procedure would be for the parties to fully brief the matter in accordance with this Court's Briefing and Scheduling Order (Dkt. 18-1). This would result in the briefing being complete by March 1, at the latest. This Court could then schedule oral argument sufficiently far into the future to allow this Court the benefit of the Supreme Court's decision in *Gonzalez* prior to argument. The parties can submit supplemental briefs concerning the *Gonzalez* decision prior to argument, should this Court decide supplemental briefs are warranted. This procedure will allow the efficient adjudication of this matter while also allowing the Court to consider the Supreme Court's decision in *Gonzalez*. In contrast, TikTok's approach has the parties wait until potentially fall of 2023 to file briefs and will cause an extreme and unnecessary delay. There is no compelling reason this matter cannot be fully briefed according to this Court's Briefing and Scheduling Order.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court deny TikTok's Motion to Stay Briefing and instead schedule oral argument

sufficiently far into the future such that this Court has the benefit of the *Gonzalez* decision prior to argument.

                                        Respectfully submitted,

                                        */s/ Jeffrey P. Goodman*
                                        Robert J. Mongeluzzi
                                        Jeffrey P. Goodman
                                        **SALTZ MONGELUZZI &**
                                        **BENDESKY P.C.**
                                        One Liberty Place
                                        1650 Market Street,
                                        52nd Floor
                                        Philadelphia, Pennsylvania 19103
                                        (215) 496-8282

                                        January 24, 2023
                                        *Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Fed. R. App. 27(d)(2)(A) because it contains 508 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This response complies with the typeface and type-style requirements of Fed. R. App. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Office Word 2016 and set in 14-point Times New Roman font.

*/s/ Jeffrey P. Goodman*
Jeffrey P. Goodman

## CERTIFICATE OF SERVICE

I hereby certify that, on January 24, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

>                                    */s/ Jeffrey P. Goodman*
>                                    Jeffrey P. Goodman