# No. 22-3061

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

TAWAINNA ANDERSON, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF N.A., A DECEASED MINOR,

*Plaintiff-Appellant,*

v.

TIKTOK, INC.; BYTEDANCE, INC.,

*Defendants-Appellees.*

On Appeal from the United States District Court for the Eastern District of Pennsylvania No. 2:22-cv-1849 (Diamond, J.)

## REPLY IN SUPPORT OF APPELLEES' MOTION TO STAY BRIEFING

Geoffrey M. Drake
TaCara D. Harris
KING & SPALDING LLP
1180 Peachtree Street NE,
  Suite 1600
Atlanta, GA 30309
(404) 572-4726

Albert Giang
KING & SPALDING LLP
633 West 5th Street, Suite 1600
Los Angeles, CA 90071
(213) 443-4335

David Mattern
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 626-2946

Andrew J. Pincus
Nicole A. Saharsky
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000
nsaharsky@mayerbrown.com

Mark J. Winebrenner
FAEGRE DRINKER BIDDLE & REATH LLP
90 South Seventh Street
2200 Wells Fargo Center
Minneapolis, MN 55402
(612) 766-1600

Joseph O'Neil
Katherine A. Wang
CAMPBELL CONROY & O'NEIL
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
(610) 964-1900

*Counsel for Defendants-Appellees TikTok, Inc. and ByteDance, Inc.*

Appellees moved to stay the briefing schedule pending the U.S. Supreme Court's decision in *Gonzalez v. Google LLC*, U.S. No. 21-1333. Appellees did that because *Gonzalez* presents an issue about the scope of Section 230 of the Communications Decency Act, 47 U.S.C. § 230, and Appellant Tawainna Anderson argued in her opening brief that the Supreme Court's decision in *Gonzalez* could bear on the resolution of this appeal. *See* Opening Br. 33-34; *see also* Anderson *Amicus* Br. at 5, *Gonzalez*, *supra* (Dec. 7, 2022) (brief filed by Appellant in the Supreme Court). Under these circumstances, Appellees suggested that the Court may want to stay the briefing in order to conserve the Court's and the parties' resources. *See* Mot. 5-6, Dkt. 24.

Appellant responds that staying the briefing schedule would be inefficient and would delay the disposition of this appeal. Opp. 1-2, Dkt. 25. But Appellant also acknowledges (*id.*) that the Court should not hold argument or decide this appeal until the parties have had the opportunity to address the *Gonzalez* decision. So staying the briefing schedule would not cause any delay, and it would ensure that the Court receives briefs based on up-to-date law.

1

Appellant also suggests (Opp. 2) that Appellees' request for a stay is designed to obtain some kind of tactical advantage because Appellees would have the first opportunity to file a brief addressing *Gonzalez*. That is mistaken. Appellees expressly suggested in the motion that, after *Gonzalez*, the Court could first allow Appellant to supplement her opening brief before Appellees file their response brief. Mot. 6. That would allow Appellant to have the first word on *Gonzalez*. *See* Opp. 2.

Appellees are not seeking any sort of advantage by suggesting a stay. Ideally, the parties would have asked the Court to stay the briefing schedule before any brief was filed. But it was only when Appellant made arguments in her brief based on *Gonzalez* that it became clear to Appellees that they should ask the Court to stay the briefing schedule. *See* Opening Br. 37-39 (arguing that *Gonzalez* could be dispositive in this appeal).

Of course, it is up to this Court to decide whether a stay of the briefing makes sense here. If the Court wants a brief from Appellees before the Supreme Court decides *Gonzalez*, Appellees will provide it. But Appellees respectfully submit that a stay would better conserve the Court's and the parties' time and resources.

2

# CONCLUSION

The Court should stay the briefing schedule in this appeal pending the Supreme Court's decision in *Gonzalez, et al. v. Google LLC*, U.S. No. 21-1133, and then determine what additional briefing is appropriate in light of that decision.

Respectfully submitted,

/s/ *Nicole A. Saharsky*

| | |
|---|---|
| Geoffrey M. Drake<br>TaCara D. Harris<br>KING & SPALDING LLP<br>1180 Peachtree Street NE,<br>  Suite 1600<br>Atlanta, GA 30309<br>(404) 572-4726 | Andrew J. Pincus<br>Nicole A. Saharsky<br>MAYER BROWN LLP<br>1999 K Street, NW<br>Washington, DC 20006<br>(202) 263-3000<br>nsaharsky@mayerbrown.com |
| Albert Giang<br>KING & SPALDING LLP<br>633 West 5th Street, Suite 1600<br>Los Angeles, CA 90071<br>(213) 443-4335 | Mark J. Winebrenner<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>90 South Seventh Street<br>2200 Wells Fargo Center<br>Minneapolis, MN 55402<br>(612) 766-1600 |
| David Mattern<br>KING & SPALDING LLP<br>1700 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>(202) 626-2946 | Joseph O'Neil<br>Katherine A. Wang<br>CAMPBELL CONROY & O'NEIL<br>1205 Westlakes Drive, Suite 330<br>Berwyn, PA 19312<br>(610) 964-1900 |

Dated: January 27, 2023

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 440 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface and type-style requirements of Fed. R. App. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Office Word 2016 and set in 14-point Century Schoolbook font.

/s/ *Nicole A. Saharsky*
Nicole A. Saharsky

## CERTIFICATE OF SERVICE

I hereby certify that, on January 27, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

/s/ *Nicole A. Saharsky*
Nicole A. Saharsky
