

JEFFREY P. GOODMAN
DIRECT DIAL 215-575-2970
JGOODMAN@SMBB.COM

ONE LIBERTY PLACE, 52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103

July 29, 2024

Patricia S. Dodszuweit, Clerk of the Court
United States Court of Appeals for the Third Circuit
Office of the Clerk
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> Re: **Supplemental Letter Brief in *Anderson v. TikTok, Inc.*, Case No. 22-3061**

Dear Ms. Dodszuweit:

Pursuant to this Court's July 15, 2024, Order, this letter provides Appellant's position concerning the impact of *Moody v. NetChoice, LLC*, 144 S.Ct. 2383 (2024) on the matter currently before the Court. In short, *Moody* conclusively establishes that TikTok is not entitled to immunity under §230 of the Communications Decency Act, 47 U.S.C. §230 ("CDA" or "§230").

Throughout this case, TikTok, Inc. and ByteDance, Inc. (collectively, "TikTok") have argued they are not first-party speakers of the content which they (through their algorithms) knowingly sent to 10-year-old Nylah Anderson, which led to her death. The content in question is a series of videos which demonstrate how to asphyxiate oneself and "challenge" others to mimic the behavior and post

Page 2
July 29, 2024

their videos. App. A18-63 at ¶¶ 1, 60-63. TikTok has argued that these videos were created by others and thus, §230 immunizes TikTok for any harm caused by these videos. *Moody* has conclusively determined TikTok's argument no longer holds water.

Section 230 provides in pertinent part, "[n]o provider or user of an interactive computer service shall be treated as a publisher or speaker of any information provided by another information content provider." §230(c)(1). Although *Moody* does not involve an application of the CDA, the opinion squarely addresses whether algorithmic compilation of third-party content into distinctive user feeds is itself a distinctive expressive product.

As Justice Thomas noted in dissenting from the denial of certiorari in *Doe v. Snap, Inc.*, 144 S.Ct. 2493 (Thomas, J., dissent), social media companies are trying to have it both ways when they seek both constitutional privileges and also protections under the CDA. "In the platforms' world, they are fully responsible for their websites when it results in constitutional protections, but the moment that responsibility could lead to liability, they can disclaim any obligations and enjoy greater protections from suit than nearly any other industry." *Id.* at 2494.

Page 3
July 29, 2024

TikTok cannot have it both ways. They cannot be publishers/speakers of content entitled to First Amendment protections when it suits them and then merely passive receptacles for third-party content when convenient to escape liability. The Court in *Moody* determined the fate of social media companies that custom curate user feeds, noting that "[d]eciding on the third-party speech that will be included in or excluded from a compilation—and then organizing and presenting the included items—is expressive activity of its own. **And that activity results in a distinctive expressive product.**" *Moody*, 144 S.Ct. at 2402 (emphasis added). In §230 terms, *Moody* establishes that custom curated feeds are not "information provided by another" but are instead information provided directly by the social media companies. The inescapable conclusion is that TikTok's "For You Page" ("FYP") at the heart of this lawsuit cannot enjoy §230 protections.

*Moody* does caution that social media companies are (in the context of the political speech addressed in *Moody*) entitled to claim protections under the First Amendment for these custom curated feeds. Given that no court could ever find that knowingly sending a self-harm video to a 10-year-old is protected by the First

Page 4
July 29, 2024

Amendment, this Court can dispose of any First Amendment issues without a developed record.

I. **TikTok's FYP is First-Party Content That is Not Protected by §230.**

"An entity 'exercis[ing] editorial discretion in the selection and presentation' of content is 'engage[d] in speech activity.'" *Moody*, 144 S.Ct. at 2402 (quoting *Arkansas Ed. Television Comm'n v. Forbes*, 523 U.S. 666, 674 (1998)). The *Moody* Court explained this "is as true when the content comes from third parties as when it does not." *Id.* Like other social-media platforms, TikTok is in the business "of combining 'multifarious voices' to create a distinctive expressive offering." *Id.* at 2405 (citation omitted). As the *Moody* Court stated:

> The individual messages may originate with third parties, but the larger offering is the platform's. It is the product of a wealth of choices about whether – and, if so, how – to convey posts having certain content or viewpoint. Those choices rest on a set of beliefs about which messages are appropriate and which are not (or which are more appropriate and which are less so). And in the aggregate they give the feed a particular expressive quality.

*Id.* at 2405. TikTok has admitted that their FYP does precisely this. *See* Response Br. at 50 (TikTok "is in 'the business of delivering curated compilations of speech

Page 5
July 29, 2024

---

created, in the first instance, by others[.]'"). As a result, TikTok does "indeed 'own' the overall speech environment." *Moody*, 144 S.Ct. at 2406.

TikTok's FYP does not serve as a "passive receptacle" of third-party speech or as "dumb pipes" that merely emit what they are fed. *Moody*, 144 S.Ct. at 2431 (Alito, J., concurring) (quoting *American Broadcasting Cos. v. Aero, Inc.*, 573 U.S. 431, 458 (2014) (Scalia, J., dissenting)). The FYP and its amalgamation of third-party videos is an expressive product itself which communicates to users, such as 10-year-old Nylah, that the curated stream of videos will be interesting to them, and they should engage. This constitutes TikTok's first-party speech. It also highlights the fundamental nature of Appellant's claims, which seek to hold TikTok liable not for publishing the Blackout Challenge video generally, but instead for the targeted recommendation TikTok's FYP made (i.e., TikTok's own expressive product). "Challenge" videos thrust upon users by TikTok's FYP take this a step further and communicate that the user should mimic the conduct and repost it. This is again TikTok's first-party speech.

*Moody* makes clear that custom curated feeds, such as the TikTok FYP cannot be considered the content "of another" and thus, TikTok cannot enjoy §230 protections.

## II. The First Amendment Does Not Protect TikTok For Knowingly Recommending the Blackout Challenge to a 10-Year-Old.

*Moody* involved political speech and thus required an in-depth First Amendment analysis. TikTok knowingly sending the Blackout Challenge video (essentially a "how-to" on self-asphyxiation) to 10-year-old Nylah does not deserve the same airtime. TikTok's content deserves no protection under the First Amendment.

The Supreme Court has recognized that certain speech is excluded from or entitled only to narrowed constitutional protection. Freedom of speech does not protect obscene materials, *Miller v. California*, 413 U.S. 15 (1973), child pornography, *New York v. Ferber*, 458 U.S. 747 (1982), fighting words, *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942), or incitement to imminent lawless activity, *Brandenburg v. Ohio*, 395 U.S. 444 (1969). Further, even speech that is generally protected by the first amendment may still be subject to regulation, and freedom of

Page 7
July 29, 2024

---

speech is not absolute. *Konigsberg v. State Bar of California*, 366 U.S. 36, 49 (1961). This is especially true when the speech is targeted at minors. Whether speech generally protected by the first amendment is susceptible to regulation is analyzed under varying levels of scrutiny depending on the details of such regulation, including neutrality thereof. *See generally*, *Turner*, 512 U.S. 622. Additionally, failure to warn cases are not viewed through the lens of the First Amendment. *See In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 25 F. Supp. 2d 837 (N.D. Ill. 1998) (First Amendment does not "provide[] immunity for defendants in failure to warn cases.").

While the record in this matter is no doubt underdeveloped regarding these issues, Appellant submits there is no analysis which would grant TikTok First Amendment protections in this case. Nothing could be more clearly obscene than a video of a minor committing an act of self-harm and "challenging" others to do the same. Similarly, nothing can more clearly be said to incite than a "challenge" video which TikTok specifically targeted to this 10-year-old.

TikTok's behavior is no different than a predatory adult texting the Blackout Challenge video directly to Nylah with a message that reads, "Nylah, we picked this

Page 8
July 29, 2024

video for you because we know you will like it. You should mimic it and repost!" Such conduct could never be protected by the First Amendment.

### III. Conclusion.

*Moody* confirms that TikTok's FYP is first-party speech by TikTok. This removes any potential protections bestowed by §230. Accordingly, the district court's ruling that TikTok is immune from Appellant's claims pursuant to §230 should be reversed. Regarding any potential First Amendment claim, while the record is underdeveloped in this regard, the nature of TikTok's speech in this case makes clear it is entitled to no protection.

Concurring in *Moody*, Justice Alito noted "some research suggests that social media are having a devastating effect on many young people, leading to depression, isolation, bullying, and intense pressure to endorse the trend or cause of the day." *Moody*, 144 S.Ct. at 2423. Dissenting from the denial of certiorari in *Snap*, Justice Thomas stated social media platforms have increasingly used §230 as a get-out-of-jail free card and that if this balance is not corrected soon, "there is danger in delay." 144 S.Ct. at 2494. The devastating effects of social media and inappropriate over-

Page 9
July 29, 2024

use of §230 are on full display in this case. This should be the case that proclaims with absolute clarity, §230 is no longer the get-out-of-jail free card for social media.

Respectfully submitted,

*/s/ Jeffrey P. Goodman*
Robert J. Mongeluzzi
Jeffrey P. Goodman
**SALTZ MONGELUZZI &**
**BENDESKY P.C.**
One Liberty Place
1650 Market Street,
52nd Floor
Philadelphia, Pennsylvania 19103
(215) 496-8282

July 29, 2024
*Counsel for Plaintiff-Appellant*

Page 10
July 29, 2024

## CERTIFICATE OF BAR MEMBERSHIP

I certify that I am a member of the bar for the United States Court of Appeals for the Third Circuit.

*/s/ Jeffrey P. Goodman*
Jeffrey P. Goodman
*Counsel for Plaintiff-Appellant*

Page 11
July 29, 2024

---

## CERTIFICATE OF COMPLIANCE

I certify that this letter brief complies with the requirements of Fed. R. App. P. 32(a) because it has been prepared in Microsoft Word using 14-point Times New Roman font. This letter brief complies with the Court's July 15, 2024, supplemental briefing order, because it contains 1,492 words.

I further certify that the text of any hard copies of this brief filed or to be filed with this Court will be identical to the electronic version filed by ECF.

*/s/ Jeffrey P. Goodman*
Jeffrey P. Goodman
*Counsel for Plaintiff-Appellant*

Page 12
July 29, 2024

_____

## CERTIFICATE OF SERVICE

I hereby certify that, on July 29, 2024, I electronically filed Plaintiff-Appellant's letter brief pursuant to the Court's July 15, 2024, Order with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. I also caused a copy of this brief to be served electronically on the following counsel for Defendants-Appellees:

Joseph E. O'Neil
Katherine A. Wang
**CAMPBELL CONROY & O'NEIL, PC**
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Telephone: (610) 964-1900
Facsimile: (610) 964-1981
joneil@campbeltriallawyers.com
kwang@campbelltriallawyers.com

Albert Giang
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310
agiang@kslaw.com

Geoffrey M. Drake
TaCara D. Harris
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600

Page 13
July 29, 2024

---

Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
gdrake@kslaw.com
tharris@kslaw.com
*Counsel for Defendants-Appellants*