No. 22-3061

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

TAWAINNA ANDERSON, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF N.A., A DECEASED MINOR,

*Plaintiff-Appellant,*

v.

TIKTOK INC.; BYTEDANCE INC.,

*Defendants-Appellees.*

On Appeal from the United States District Court for the Eastern District of Pennsylvania, No. 2:22-cv-1849 (Diamond, J.)

## APPELLEES' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING EN BANC

Benjamin D. Bright
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500

Geoffrey M. Drake
TaCara D. Harris
KING & SPALDING LLP
1180 Peachtree Street NE,
  Suite 1600
Atlanta, GA 30309
(404) 572-4726

Albert Giang
KING & SPALDING LLP
633 West 5th Street, Suite 1600
Los Angeles, CA 90071
(213) 443-4335

David Mattern
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 626-2946

Andrew J. Pincus
Nicole A. Saharsky
Minh Nguyen-Dang
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000
apincus@mayerbrown.com

Mark J. Winebrenner
FAEGRE DRINKER BIDDLE & REATH LLP
90 South Seventh Street
2200 Wells Fargo Center
Minneapolis, MN 55402
(612) 766-1600

Joseph O'Neil
Katherine A. Wang
CAMPBELL CONROY & O'NEIL
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
(610) 964-1900

*Counsel for Defendants-Appellees TikTok Inc. and ByteDance Inc.*

# UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING EN BANC

Pursuant to Federal Rule of Appellate Procedure 26(b) and Third Circuit Rule 31.4, Defendants-Appellees respectfully move for a 21-day extension of the time to file a petition for rehearing en banc from September 10, 2024, to and including October 1, 2024. Plaintiff-Appellant does not oppose this request. In support of this motion, Defendants-Appellees state as follows:

1. This action arises from the tragic death of Plaintiff Tawainna Anderson's daughter, Nylah. Plaintiff alleges that her daughter passed away after she allegedly watched and attempted to recreate a "blackout challenge" she saw in a video created by a third party and posted on the TikTok platform. Plaintiff instituted this action alleging design defect, failure to warn, negligence, and state unfair business practices claims on the theory that the TikTok platform is defective because its algorithm recommended the challenge video to her daughter and failed to prevent circulation of the video to her daughter. Dkt. 53 (Panel Opinion) at 5.

2. The district court concluded that Appellant's claims are barred by 47 U.S.C. § 230(c)(1), which provides: "No provider or user of an interactive computer service shall be treated as the publisher or

1

speaker of any information provided by another information content provider." The district court rejected Plaintiff's argument that Section 230 does not apply because TikTok uses an algorithm to recommend content to users, holding that selecting and recommending content is a publishing function protected by Section 230. Dkt. 53, at 5-6. The district court accordingly dismissed Plaintiff's claims, and Plaintiff appealed. *See* Dkt. 1.

3. On August 27, 2024, a panel of this Court issued an opinion reversing the dismissal of Plaintiff's claims and remanding to the district court for further proceedings. Judge Matey filed a separate opinion concurring in the judgment in part and dissenting in part. *See* Dkt. 53.

4. A petition for rehearing en banc is currently due within 14 days after entry of judgment—on September 10, 2024. Fed. R. App. P. 35(c); Fed. R. App. P. 40(a)(1).

5. Appellees respectfully submit that good cause exists for a 21-day extension of the time for petitioning for rehearing en banc. Lead counsel for Appellees also has primary responsibility for:

- Presenting oral argument in *TikTok Inc. v. Garland*, D.C. Cir. No. 24-1113 (scheduled for September 16, 2024);

- Presenting oral argument in *Espin v. Citibank, N.A.*, 4th Cir. No. 23-2083 (scheduled for September 26, 2024);

- Submitting an *amicus* brief in *Atchley v. AstraZeneca UK Limited*, D.C. Cir. No. 20-7077 (due September 3, 2024); and

- Submitting a reply brief in support of motion to dismiss in *Hines v. Stamos*, W.D. La. No. 23-cv-571 (due September 11, 2024).

6. Appellees make this request in good faith and not for the purpose of delay. Counsel for Plaintiff-Appellant has authorized me to state that Plaintiff-Appellant does not oppose Appellees' request for a 21-day extension.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request a 21-day extension of time, to and including October 1, 2024, within which to file a petition for rehearing en banc.

Respectfully submitted,

/s/ *Andrew J. Pincus*

Benjamin D. Bright
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500

Geoffrey M. Drake
TaCara D. Harris
KING & SPALDING LLP
1180 Peachtree Street NE,
  Suite 1600
Atlanta, GA 30309
(404) 572-4726

Albert Giang
KING & SPALDING LLP
633 West 5th Street, Suite 1600
Los Angeles, CA 90071
(213) 443-4335

David Mattern
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 626-2946

Andrew J. Pincus
Nicole A. Saharsky
Minh Nguyen-Dang
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000
nsaharsky@mayerbrown.com

Mark J. Winebrenner
FAEGRE DRINKER BIDDLE & REATH LLP
90 South Seventh Street
2200 Wells Fargo Center
Minneapolis, MN 55402
(612) 766-1600

Joseph O'Neil
Katherine A. Wang
CAMPBELL CONROY & O'NEIL
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
(610) 964-1900

*Counsel for Defendants-Appellees TikTok Inc. and ByteDance Inc.*

Dated: September 3, 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g) and Circuit Rules 28.3(d) and 31.1(c), the undersigned counsel certifies that:

(i) undersigned counsel is a member of the bar of this Court;

(ii) this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 503 words, including footnotes and excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f);

(iii) this brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it was prepared using Microsoft Office Word 2016 and is set in 14-point Century Schoolbook font; and

(v) the electronic version of this brief was scanned with the virus-detection program Windows Defender Antivirus, version 1.393.120.0, and no virus was detected.

/s/ *Andrew J. Pincus*  
Andrew J. Pincus

# CERTIFICATE OF SERVICE

I hereby certify that, on September 3, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

/s/ *Andrew J. Pincus*
Andrew J. Pincus